UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS IMBODEN,**

      **Plaintiff,**

v.                                        Case No. 2:25-cv-806
                                              JUDGE EDMUND A. SARGUS, JR.

**MENARD, INC.,**                     Magistrate Judge Chelsey A. Vascura

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand to State Court filed by Plaintiff Thomas Imboden. (ECF No. 7.) Defendant Menard, Inc. opposed the Motion. (ECF No. 10.) For the reasons below, the Motion to Remand is **GRANTED**. (ECF No. 7.)

**I.**      **BACKGROUND**

Mr. Imboden filed this lawsuit in the Court of Common Pleas in Ross County, Ohio. (ECF No. 1-1; *see also* ECF No. 3.) He alleges that, during a visit to the Menards store in Chillicothe, a box of laminate fell from a shelf and caused a large cut on his left forearm. (ECF No. 3, ¶¶ 8, 12.) According to Mr. Imboden, Menards failed to maintain a safe condition for its customers, failed to exercise reasonable care to keep the premises safe, and failed to warn him about the dangerous conditions in the store. (*Id.* ¶¶ 9–11.) The Complaint asserts a single cause of action for negligence. (*Id.* ¶¶ 6–16.) He seeks to recover for his medical expenses, pain and suffering, and loss of enjoyment of life. (*Id.* ¶¶ 13–16.)

Defendant removed the case to this Court asserting that the Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.) Mr. Imboden is a citizen of Ohio and Defendant is a Wisconsin corporation with a principal place of business in Wisconsin. (*Id.* PageID 1.) Although Mr. Imboden sought $25,000 for medical expenses in his Complaint (ECF No. 1-1,

PageID 8), Defendant contends that his medical expenses will exceed $75,000, and thus the amount-in-controversy is satisfied. (ECF No. 1, PageID 1–2.) Mr. Imboden disagrees and moves to remand this case to state court. (ECF No. 7.)

## II.     STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the court has original jurisdiction over the case. Original jurisdiction under § 1441 primarily comes in two flavors: where there is diversity of citizenship between the parties or when the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332. A plaintiff may move to remand a case "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Jurisdiction based on diversity of citizenship between the parties, which Defendant argues provides the basis for removal here, exists when there is complete diversity of citizenship between the opposing parties and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332. The defendant bears the burden of pleading and proving, by a preponderance of the evidence, that the Court has jurisdiction and the amount-in-controversy is met. 28 U.S.C. § 1446(c)(2)(B); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). If the Court's subject-matter jurisdiction is uncertain, the Court must resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## III.    ANALYSIS

The parties do not contest that diversity of citizenship is satisfied. *See* 28 U.S.C. § 1332(a). The Motion to Remand therefore turns on whether the amount-in-controversy exceeds $75,000.

"To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount,

2

currently $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotations omitted). The plaintiff is the master of the Complaint and he or she may sue for less than the jurisdictional amount to avoid a federal forum. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quotations omitted).

A defendant who wishes to remove the case bears the burden of satisfying the amount-in-controversy. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Normally, the "sum claimed by the plaintiff controls." *Id.* at 156; *see also Smith*, 505 F.3d at 407 (quotations omitted) (determining the amount-in-controversy "from the perspective of the plaintiff," focusing "on the economic value of the rights he [or she] seeks to protect"). But if it is not "self-evident" whether the plaintiff seeks to recover an amount "greater or less than the [required amount]," the defendant satisfies its burden by showing it is "more likely than not" that the plaintiff seeks to recover over $75,000. *Gafford*, 997 F.2d at 158.

Here, Mr. Imboden seeks to recover for injuries he incurred while shopping at a Menards store in Chillicothe. (ECF No. 1-1.) He explains that the box of floor laminate "caus[ed] skin injuries" to his left forearm, requiring a visit to the emergency room and four additional appointments to monitor the wound, obtain pain medication, and remove the sutures. (ECF No. 7, PageID 43.) He incurred medical expenses in the amount of $5,300.00 and does not seek to recover for lost wages. (*Id.*) Because this amount is less than the jurisdictional threshold, he asks to remand this case to state court. (*Id.* PageID 45.)

Defendant resists remand, relying on the amount Mr. Imboden sought in his initial settlement demand. Defendant asserts that Mr. Imboden first demanded $80,000, which is above the amount-in-controversy. (ECF No. 10, PageID 60, 64.) Not so. While Mr. Imboden may have been "looking for" $80,000 initially, his settlement demand was for $70,000. (ECF No. 7-1,

3

PageID 47–48.) Defendant countered and offered to settle the case for $6,520.10 and then increased its offer to $7,500.00. (*Id.*) Because the parties were unable to resolve this matter, Mr. Imboden sued seeking a "sum in excess of" $25,000, including his $5,000 in medical expenses. (ECF No. 1-1, PageID 8.)

Although an initial settlement demand may provide some evidence that the amount-in-controversy exceeds $75,000, it does not, by itself, establish that fact by a preponderance of the evidence. *Brodbeck v. Wal-Mart Stores E. LP*, Case No. 2:23-cv-03367, 2024 U.S. Dist. LEXIS 172367, at *10 (S.D. Ohio Sep. 24, 2024) (Marbley, J.). This is particularly true considering the "traditional negotiation tactic of 'high-balling the initial settlement demand.'" *Id.* (quoting *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010)).

In this case, Mr. Imboden's initial settlement demand was below the jurisdictional amount. Because opening demands are often elevated as a negotiation tactic, the Court cannot conclude that it is more likely than not that the amount-in-controversy exceeds $75,000. Where, as here, the Court's subject-matter jurisdiction is uncertain, it must resolve all doubts in favor of remand. *Brierly*, 184 F.3d at 534. Defendant has not carried its burden, and this case must be remanded.

### IV.  CONCLUSION

For the reasons above, Plaintiff Thomas Imboden's Motion to Remand (ECF No. 7) is **GRANTED.** The Clerk is **DIRECTED** to enter judgment, to remand this case to the Ross County, Ohio Court of Common Pleas, and to close the case on the docket of this Court.

**IT IS SO ORDERED.**

**10/2/2025**                                               s/Edmund A. Sargus, Jr.
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**